```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANDREA DAMIANI,<br><br>       Plaintiff,<br><br>  v.<br><br>WEST DEPTFORD TOWNSHIP, WEST DEPTFORD TOWNSHIP POLICE DEPARTMENT, CHIEF OF POLICE, PTLM. MICHAEL S. FRANKS, CPL. MEDURI, JOHN DOE OFFICERS 1-15 (fictitious names), and JOHN DOES 16-30 (fictitious names), jointly, severally, and/or in the alternative,<br><br>       Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 07-2884 (JEI)<br><br>**OPINION** |

**APPEARANCES:**

F. Michael Daily, Jr., Esq.
    and
Randy P. Catalano, Esq.
216 Haddon Avenue
Sentry Office Plaza, Suite 100
Westmont, NJ 08108
    Counsel for Plaintiff

CALLAHAN & FUSCO, LLC
By: Chad L. Klasna, Esq.
72 Eagle Rock Avenue
Suite 320
East Hanover, NJ 07936
    Counsel for Defendants

ANGELINI, VINIAR & FREEDMAN, LLP
By: Maria DeTitto, Esq.
70 Euclid Street
P.O. Box 751
Woodbury, NJ 08096
    Counsel for Defendants as to Punitive Damages Only

**IRENAS,** Senior District Judge:

Presently before the Court is Defendants' Partial Motion to Dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 8.) Plaintiff's Complaint alleges that, while driving in West Deptford Township, two police officers directed her to pull over and thereafter subjected her to excessive and unnecessary force. Plaintiff asserts various federal and state law claims in support of her Complaint. For the reasons set forth below, Defendants' Motion will be granted in part and denied in part.

**I.**

On August 12, 2005, Defendants Patrolmen Michael S. Franks and Corporal Meduri stopped Plaintiff Andrea Damiani while she was driving in West Deptford Township, New Jersey. (Compl. First Count ¶¶ 1, 2). Defendants allegedly removed Plaintiff from her car without probable cause and with excessive and unnecessary force, which resulted in physical and emotional injuries to Plaintiff.[1] (Compl. First Count ¶¶ 3, 4). Plaintiff further alleges that Defendants West Deptford Township (the "Township"), West Deptford Township Police Department (the "Police

---

[1] Plaintiff's alleged damages include injury to her left wrist, emotional distress, pain and suffering, medical expenses, and present and potential inability to perform her usual duties. (Compl. First Count ¶ 4).

2

Department"), and the West Deptford Chief of Police are responsible for the police officers' actions. (Compl. First Count ¶ 6).

Plaintiff asserts the following claims against all Defendants: (1) violations of her federal constitutional rights pursuant to 42 U.S.C. § 1983 ("§ 1983") (Compl. First Count ¶ 5); (2) violations of her state constitutional rights pursuant to the New Jersey Civil Rights Act (Compl. Second Count ¶¶ 1, 2); (3) state common law negligence (Compl. Third Count ¶¶ 1, 2); (4) assault and battery pursuant to the New Jersey Tort Claims Act (Compl. Fourth Count ¶¶ 1-3); and (5) unlawful arrest and false imprisonment (Compl. Fifth Count ¶¶ 1, 2).[2]

Defendants filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants seek to dismiss: (1) Plaintiff's Fifth Amendment and Fourteenth Amendment claims raised in Count One;[3] (2) Plaintiff's negligence claim raised in Count Three; (3) Plaintiff's various claims for punitive damages against the Township, Police Department, and Chief of Police;[4] and (4) the entire Complaint as to the

---

[2] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

[3] Plaintiff also alleges in Count One that Defendants violated her Fourth Amendment rights. Defendants do not seek to dismiss this claim.

[4] Plaintiff seeks punitive damages with respect to Counts Two, Four, and Five of her Complaint.

Township, Police Department, and Chief of Police.

## II.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss any part of a complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion, the Court accepts as true all well pleaded factual allegations contained in the complaint and draws all reasonable inferences from such allegations in the light most favorable to the plaintiff. *See Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). To survive a Rule 12(b)(6) motion, "a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted)).

## III.

Plaintiff concedes to two aspects of Defendants' motion. First, Plaintiff agrees that her Fifth Amendment claim should be dismissed. The initial step in analyzing any excessive force claim brought under § 1983 is to identify the specific constitutional right that has been violated. *Graham v. Connor*,

490 U.S. 386, 394 (1989).  The *Graham* Court held that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment." *Id*. at 395.  In light of the Supreme Court's holding in *Graham* and Plaintiff's concession, the Court will grant Defendants' motion to dismiss Plaintiff's Fifth Amendment claim raised in Count One.

Second, Plaintiff does not object to the Police Department's dismissal from this case.  A police department cannot be sued in conjunction with a municipality because it is merely an administrative arm of that municipality, and is not a separate entity.  *See Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004); *Lucas v. Galloway Twp. Police Dep't*, No. 05-CV-3346, 2007 U.S. Dist. LEXIS 44616, at *8 (D.N.J. June 20, 2007) (noting that "[i]n New Jersey, a municipal police department is not an entity separate from the municipality"). Plaintiff concedes, as she must, that the Police Department is not liable in this case because it is not a separate municipal entity.  Therefore, this Court will dismiss the Police Department from the case entirely.

**IV.**

Defendants seek to also dismiss Plaintiff's Fourteenth

5

Amendment claim raised in Count One, arguing that the Fourth Amendment provides the only appropriate means for analyzing excessive force claims.

Defendants correctly state that the Fourth Amendment's objective reasonableness test is the established standard by which to review allegations of excessive force. *See Graham*, 490 U.S. at 395; *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Plaintiff, however, contends that the Fourteenth Amendment is necessary in this case to assert her Fourth Amendment claim against state entities. *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961) (stating that the "Fourth Amendment's right of privacy has been declared enforceable against the States through the Due Process Clause of the Fourteenth").

It is clear that Plaintiff's Complaint does not attempt to raise a substantive Fourteenth Amendment claim, since the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the use of excessive force, but is inapplicable to alleged excessive force during the course of a seizure of a free citizen. *See James v. York County Police Dep't*, 160 F. App'x 126, 131 (3d Cir. 2005). However, to the extent that Plaintiff merely utilizes the Fourteenth Amendment to make her Fourth Amendment claim applicable to Defendants as state entities, the Court will permit her to do so. *See Maryland v. Pringle*, 540 U.S. 366, 369 (noting that "the Fourth Amendment [is] made

6

applicable to the States by the Fourteenth Amendment" (citing *Mapp*, 367 U.S. 643)); *see also Groman*, 47 F.3d at 633-34 ("A cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments to the United States Constitution."). Therefore, the Court will deny Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim.

## V.

Defendants argue that Plaintiff's negligence claim, raised in Count Three, should be dismissed as it is not a recognized theory of liability under § 1983.  While Defendants are correct in asserting that § 1983 does not recognize claims of simple negligence, *see Popow*, 476 F. Supp. at 1244, Plaintiff is not raising her negligence claim as part of a § 1983 action, but rather under New Jersey common law.

The issue, then, is whether Plaintiff has sufficiently pled negligence under state law.  The New Jersey Tort Claims Act ("NJTCA") provides that a public employee is liable for "injury caused by his act or omission to the same extent as a private person."  N.J. Stat. Ann. § 59:3-1(a).  A public employee is immune from liability "if he acts in good faith in the execution or enforcement of any law."  *Id.* § 59:3-3.  As to public entities, they are liable for "injury proximately caused by an

7

act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances." *Id.* § 59:2-2(a). "A public entity is not liable for an injury resulting from an act or omission of a public employee where the public employee is not liable." *Id.* § 59:2-2(b).

Defendants argue that they are not liable for negligence because Plaintiff failed to specifically allege bad faith on the part of the police officers. In *Ospina v. Dep't of Corr.*, 749 F. Supp. 572, 581 (D. Del. 1990), a plaintiff alleged that a defendant acted in a "negligent, grossly negligent and wanton manner" causing "extensive injuries and permanent damage." Judge Roth, interpreting a similar immunity provision under the Delaware Tort Claims Act, held that the plaintiff, in addition to pleading the basic elements of negligence, alleged sufficient facts that could show an absence of good faith by the defendant. *Id.*

Similar to the allegations raised in *Ospina*, Plaintiff sufficiently alleges the basic elements of negligence.[5] In addition, Plaintiff alleges that the officers physically seized her and pulled her from her car without probable cause and without explanation. (Compl. First Count ¶ 3). Drawing all

---

[5] Plaintiff alleges that the officers' "actions were negligent" and that she sustained damages "[a]s a result of the defendants' negligen[t] acts." (Compl. Third Count ¶¶ 1, 2).

8

reasonable inferences from the factual allegations in the light most favorable to Plaintiff, she has alleged facts that could show an absence of good faith, and thus the Court will deny Defendants' motion to dismiss Plaintiff's state law negligence claim.

**VI.**

Next, Defendants argue that Plaintiff's claim for punitive damages against the Township and Chief of Police is barred under federal law by the Supreme Court and under state law by the NJTCA.

The Supreme Court, in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." Similarly, the NJTCA specifically bars Plaintiff from seeking punitive damages against the Township and Chief of Police. The NJTCA states that "[n]o punitive or exemplary damages shall be awarded against a public entity." N.J. Stat. Ann. § 59:9-2(c). This provision is generally applicable to New Jersey common law claims. *See Mantz v. Chain*, 239 F. Supp. 2d 486, 508 (D.N.J. 2002) (holding that the NJTCA barred plaintiff's claim for punitive damages against public entities for assault and battery by state troopers); *Ramirez v. United States*, 998 F. Supp. 425, 438 (D.N.J. 1998) (barring claim for punitive damages against

9

public entities for alleged negligence, false imprisonment, and false arrest by INS agents).

Notwithstanding § 1983 and the NJTCA, Plaintiff contends that she is entitled to punitive damages pursuant to the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. §§ 10:6-1 to -2, for violations of her rights under the New Jersey State Constitution.  She argues that the NJCRA permits her to seek punitive damages similar to an employee seeking punitive damages under the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §§ 10:5-1 to -49, and the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. §§ 34:19-1 to -14.

The NJCRA states, in pertinent part:

> Any person who has been deprived of . . . any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages . . . or other appropriate relief.

N.J. Stat. Ann. § 10:6-2(c).  Any person who violates the rights of another as provided in subsection (c) is liable for a civil penalty and "the court or jury, as the case may be, shall determine the appropriate amount of the penalty."  *Id.* § 10:6-2(e).

The language of the NJCRA is more closely aligned with

§ 1983 than either the NJLAD or CEPA.[6] The words and phrases of New Jersey statutes "shall be read and construed with their context, and shall, unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language." *Id.* § 1:1-1. The Supreme Court, surveying a wide range of state jurisdictions, has noted that "[t]he general rule . . . is that no punitive damages are allowed unless expressly authorized by statute." *City of Newport*, 453 U.S. at 260 n.21. The state legislature could have specifically stated that punitive damages are permissible under the NJCRA, but it elected not to do so.

Plaintiff counters that the NJCRA's generalized remedy provision was intended by the state legislature to allow for punitive damages against public entities in the same manner as the NJLAD and CEPA. However, the NJLAD provides that "[a]ll remedies available in common law tort actions shall be available

---

[6] Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

11

to prevailing plaintiffs." N.J. Stat. Ann. § 10:5-13; *see also Cavuoti v. N.J. Transit Corp.*, 735 A.2d 548, 562-63 (N.J. 1999) (holding that the NJLAD allows the award of punitive damages against public entities). CEPA specifically provides that a "court may award the prevailing employee *punitive damages* not greater than treble damages." N.J. Stat. Ann. § 34:19-13 (emphasis added).

Unlike the NJLAD or CEPA, the NJCRA does not contain any specific provision allowing a plaintiff to seek punitive damages or even "all remedies available in common law tort actions," but rather only provides a general provision for seeking appropriate civil penalties of an amount to be determined. If the legislature intended the NJCRA to include punitive damages as a remedy, it would have expressed its intent to do so in a manner consistent with the NJLAD or CEPA. Instead, the NJCRA is functionally equivalent to § 1983, a statute that proscribes awarding punitive damages against public entities. Thus, Defendants' motion to dismiss Plaintiff's punitive damage claims against the Township and Chief of Police will be granted.

## VII.

Finally, Defendants contend that the entire Complaint against the Township and Chief of Police should be dismissed. The Court will address each Count of the Complaint in turn.

12

Beginning with Count One, local government is not liable under § 1983 for injuries inflicted solely by its employees or agents, i.e., on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, a public entity may be liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* The Third Circuit has noted three situations in which a public entity can be found liable under § 1983 by way of its policy or custom: (1) where the alleged injury results from a public employee simply implementing a generally applicable statement of policy of the entity; (2) absent a generally stated policy, where the policymaker itself acts in violation of a federal law; and (3) where the policymaker acts with deliberate indifference by failing to create new policies addressing the inadequacy of an existing practice likely to result in constitutional violations. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003).

Plaintiff's Complaint states, in pertinent part, that at "all times . . . Chief of Police was a policy maker and decisional authority of and for the West Deptford Township Police Department." (Compl. ¶ 4). Also, Plaintiff alleges that the Township employed the police officers and was "responsible" for

their actions.  (Compl. First Count ¶ 8).  At this very early stage of the case, the Court finds that one could reasonably infer from Plaintiff's factual allegations that any one of the three situations in which a public entity can be found liable under § 1983 could apply.  If, however, upon discovery this is proven not to be the case, Defendants can file an appropriate motion for summary judgment.

The Court will also permit Plaintiff's Count Two claims, brought pursuant to the NJCRA, to proceed against the Township and Chief of Police for the same reasons that justify sustaining her claims under § 1983.  Both statutes are functionally similar, as the NJCRA provides a cause of action for any violation of "substantive due process or equal protection rights, privileges or immunities" secured by the United States Constitution, New Jersey Constitution, federal laws, or New Jersey state laws. N.J. Stat. Ann. § 10:6-2(c).  Since Plaintiff has sufficiently alleged that there could exist a policy or custom by the Township or Chief of Police that resulted in a violation of her rights, Count Two will not be dismissed as against these Defendants.

Turning to Plaintiff's Count Three negligence claim, brought pursuant to the NJTCA, public entities are liable for "injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances."

N.J. Stat. Ann. § 59:2-2(a). Therefore, Count Three of Plaintiff's Complaint alleging negligence remains viable against the Township and Chief of Police because the Count remains viable against the police officers. *See supra* Part V.

Plaintiff also argues that the Township and Chief of Police are liable under Count Four for the assault and battery allegedly committed by the officers. "Where a police officer uses excessive force in effectuating an arrest, that officer may be liable for assault and battery." *Mantz*, 239 F. Supp. 2d at 507. But, "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." N.J. Stat. Ann. § 59:2-10. Both state and federal courts have interpreted this section as finding *respondeat superior* liability inappropriate when municipal employees commit intentional torts. *See V.A. v. N.J. Nat'l Guard Youth Challenge Program*, No. 06-347, 2007 U.S. Dist. LEXIS 49288, at *7 (D.N.J. July 9, 2007); *McDonough v. Jorda*, 214 N.J. Super. 338, 350 (App. Div. 1986). Because assault and battery are intentional torts, the Township and Chief of Police cannot be held liable under Count Four, and this Count will be dismissed as against these two Defendants.

As to Count Five of Plaintiff's Complaint, this Court has held that false arrest and false imprisonment claims are actionable against a municipality if an officer was acting within

the scope of his employment and his actions did not rise to the level of willful misconduct. *Adams v. City of Camden*, 461 F. Supp. 2d 263, 270 (D.N.J. 2006).[7] The Court found that the alleged unlawful actions of the police officer could fall "somewhere in the zone between good faith and willful misconduct." *Id.* at 270-71. Here, Plaintiff alleges that Defendants, "acting within the course and scope of their authority, unlawfully detained, arrested and imprisoned [her] against her will." (Compl. Fifth Count ¶ 1). The false arrest and false imprisonment claims were sufficiently pled such that this Court could construe the officers' actions to not rise to the level of willful misconduct, while still not being performed in good faith.

Accordingly, the Court will deny Defendants' motion to dismiss Plaintiff's Complaint against the Township and Chief of Police as to Counts One, Two, Three, and Five. Only Count Four will be dismissed as against these two Defendants.

## VIII.

For the reasons set forth above, Defendants' Partial Motion to Dismiss will be granted in part and denied in part. Plaintiff's Fifth Amendment claim will be dismissed, and the

---

[7] False arrest and false imprisonment do not require that an officer have any particular state of mind. *See Adams*, 461 F. Supp. 2d at 270.

Police Department will be dismissed as a party to this proceeding.  The Court will further grant Defendants' motion to dismiss Plaintiff's request for punitive damages against the Township and Chief of Police.  The Court will deny Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim raised in Count One, and her negligence claim raised in Count Three.  Finally, the Township and Chief of Police will remain as Defendants to this action, except with respect to the assault and battery claim in Count Four.  The Court will issue an appropriate Order.

Dated:    March 7, 2008

                                        s/ Joseph E. Irenas
                                        **JOSEPH E. IRENAS, S.U.S.D.J.**