RANDY P. CATALANO, ESQUIRE
Sentry Office Plaza, Suite 100
216 Haddon Avenue
Westmont, NJ 08108
(856) 858-1115
Co-Counsel for Plaintiff

F. MICHAEL DAILY, JR., ESQUIRE
Sentry Office Plaza, Suite 106
216 Haddon Avenue
Westmont, NJ 08108
(856) 833-0006
Co-Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREA DAMIANI, | CIVIL ACTION NO. |
| | 1:07-CV-2884-JEI-AMD |
| Plaintiff, | |
| vs | |
| WEST DEPTFORD TOWNSHIP, CRAIG MANGANO, CHIEF OF POLICE, PTLM. MICHAEL S. FRANKS, CPL. MEDURI, OFFICER MICHAEL CRAMER, CITY OF WOODBURY, REED MERINUCK, CHIEF OF POLICE, OFFICER William Fleece, JOHN DOE OFFICERS 1-15 (fictitious names), JOHN DOES 16-30 (fictitious names), jointly, severally and/or in the alternative, | AMENDED COMPLAINT |
| Defendants, | |

Plaintiff, Andrea Damiani, residing at 581 Vassar Road Borough of Wenonah, County of Gloucester, State of New Jersey, by way of complaint says:

**PARTIES AND JURISDICTIONAL STATEMENT**

1. Plaintiff, Andrea Damiani, is a licensed social worker employed by the Camden City Board of Education, who was in the course and scope of her employment on August 12, 2005.

2. Defendant, West Deptford Township, with its offices located at the Municipal Building, 400 Crown Point Road, Thorofare, New Jersey, is a governmental entity, a local public entity and/or an instrumentality for the State of New Jersey which controls, manages and/or is responsible for the actions of the West Deptford Township Police Department and its employees.

3. Defendant, Craig Mangano, Chief of Police, is the head of the West Deptford Police Department and employed by the Township of West Deptford and at all times relevant hereto was responsible for the maintenance and control of public safety within West Deptford Township as well as the management, assignment of duties and supervision of all other West Deptford Township police officers on the force. At all times relevant hereto Craig Mangano, Chief of Police, was a policy maker and decisional authority of and for the West Deptford Township Police Department.

4. Defendants, Ptlm. Michael S. Franks, Cpt. Meduri, Officer Michael Cramer and John Doe Police Officers 1-10 (fictitious names) are police officers employed by West Deptford Township and at all times relevant hereto were responsible for the maintenance and control of public safety for West Deptford

Township.

5.  Defendant, City of Woodbury, with its offices located at the Municipal Building, 33 Delaware Street, Woodbury, New Jersey, is a governmental entity, a local public entity and/or an instrumentality for the State of New Jersey which controls, manages and/or is responsible for the actions of the city of Woodbury Police Department and its employees.

6.  Defendant Reed Merinuck, Chief of Police, is the head of the City of Woodbury Police Department and employed by the City of Woodbury and at all times relevant hereto was responsible for the maintenance and control of public safety within the City of Woodbury as well as the management, assignment of duties and supervision of all other City of Woodbury police officers on the force. At all times relevant hereto Reed Merinuck, Chief of Police, was a policy maker and decisional authority of and for the City of Woodbury Police Department.

7.  Defendants, Officer William Fleece and John Doe Police Officers 11-13 (fictitious names) are police officers employed by the City of Woodbury and at all times relevant hereto were responsible for the maintenance and control of public safety for the City of Woodbury.

8.  Defendants, John Does 16-30, are fictitious designathios for unknown or unidentified parties to this action who are employees of the Township of West Deptford, or the City of

Woodbury, who may be responsible for the actions or inactions of the other defendants named herein. Fictitious names are employed until discovery occurs at which time they may be identified herein.

9.  At all time relevant hereto, defendants Craig Mangano, Chief of Police for West Deptford, Ptlm. Michael S. Franks, Cpl. Meduri, Officer Michael Cramer and John Doe Police Officers 1-10 (fictitious names) for the Township of West Deptford, Reed Merinuck, Chief of Police for the City of Woodbury, Officer William Fleece and John Doe Police Officers 11-13 (fictitious names) for the City of Woodbury, were acting under color of State Law pursuant to their authority as police officers.

10.  In this action the plaintiff asserts that she was deprived of rights, privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States thereby causing severe and permanent physical injuries to the plaintiff with are more fully described hereinafter.

11.  Plaintiff further asserts that she is entitled to seek redress for this deprivation of her rights pursuant to 42 U.S.C.A. §1983 and therefore this court has original jurisdiction over this matter pursuant to 28 U.S.C.A. §1331.

### FIRST COUNT

12.  On or about August 12, 2005, plaintiff, Andrea Damiani, was the owner and operator of a motor vehicle traveling in

4

a southerly direction on Route 45 in West Deptford Township, Gloucester county, New Jersey, obeying all traffic laws and speed limits.

13. On the date and place aforesaid, defendants, Ptlm. Michael S. Franks, Cpt. Meduri, Officer Michael Cramer, Officer William Fleece and/or Police Officers John Does 1-13 (fictitious names) acting in their capacity as police officers employed by defendants West Deptford Township and/or City of Woodbury, directed plaintiff to pull over to the side of the road.

14. Withou reasonable or probable cause and without explanation, defendants Ptlm. Michael S. Franks, Cpt. Meduri, Officer Michael Cramer, Officer William Fleece and/or Police Officers John Does 1-13 (fictitious names), physically seized Ms. Damiani and pulled hor out of her vehicle with grossly excessive, unnecessary force.

15. As a result fo the aforesaid unnecessary and grossly excessive force of defendants, plaintiff sustained serious injuries of a temporary and permanent nature, including by not limited to injury to her left wrist and emotional distress, was caused pain and suffering, she incurred medical expenses in an effort to cure her injuries, she was unable to and may in the future be unable to attend to her usual duties and affairs, and she was otherwise injured and damaged.

16. The aforesaid actions of the defendants violated the

constitutional rights of plaintiff, Andrea Damiani, in that the defendants seized the plaintiff using unnecessary and grossly excessive force in violation of the Fourth and Fourteenth amendments to the United States Constitution thereby causing severe and permanent physical injury, emotional distress and other damages.

17. The defendants, West Deptford Township, City of Woodbury, the Chief of Police Craig Mangano, and/or the Chief of Police Reed Merinuck, were responsible for the aforesaid actions of defendants, Ptlm. Michael S. Franks, Cpt. Meduri, Officer Michael Cramer, Officer William Fleece and/or Police Officers John Does 1-13 (fictitious names) by principals of common law agency, the doctrine of <u>respondeat superior</u> and otherwise by statute.

WHEREFORE, plaintiff Andrea Damiani, demands judgment for damages against the defendants West Deptford Township, City of Woodbury, the Chief of Police Craig Mangano, and/or the Chief of Police Reed Merinuck, were responsible for the aforesaid actions of defendants, Ptlm. Michael S. Franks, Cpt. Meduri, Officer Michael Cramer, Officer William Fleece and/or Police Officers John Does 1-13 (fictitious names), jointly severally and/or in the alternative, together with interest and costs of suit.

**SECOND COUNT**

18. The aforesaid actions of the defendants violated the plaintiff's clearly established rights u the Constitution of the

State of New Jersey.

19. The plaintiff is entitled to seek redress for such actions in a private action, pursuant to the New Jersey Civil Rights Act.

20. As a result of the aforesaid violations of the plaintiff's State Law rights, she sustained the previously described damages.

21. Pursuant to N.J.S.A. 10:6-2, the plaintiff is entitled to attorneys fees in connection with the claims asserted in this complaint.

WHEREFORE, plaintiff demands judgment against all defendants for compensatory damages, injunctive relief such as will redress the actions of the defendants, attorneys fees, interest and costs, and as to punitive damages, only as to defendants Ptlm. Michael S. Franks, Cpt. Meduri, Officer Michael Cramer, Officer William Fleece, Police Officers John Does 1-13 (fictitious names) and John Does 16-30 (fictitious names).

### THIRD COUNT

22. In the event it is determined that the actions of the defendants were not willful nor intentional, then the plaintiff asserts that the said actions were negligent and that she is entitled to redress for the defendants' negligent actions under the Common Law of the State of New Jersey.

WHEREFORE, plaintiff demands judgment against the

defendants for compensatory damages, interest and costs of suit.

### FOURTH COUNT

23. The plaintiff, Andrea Damiani, believes and therefore asserts that the defendants acting within the course and scope of their authority wrongfully and unlawfully assaulted and battered her.

24. The aforesaid actions of the defendants placed the plaintiff, Andrea Damiani, in the reasonable fear of imminent bodily harm and resulted in her person being unlawfully and improperly touched, assaulted and abused against her will.

25. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendant, the plaintiff suffered the previously described physical and emotional damages which are both the permanent and substantial and meet the requirements of a claim under the New Jersey Tort Claims Act.

WHEREFORE, plaintiff, Andrea Damiani, demands judgment, pursuant to New Jersey State law, for compensatory and punitive damages against defendants Ptlm. Michael S. Franks, Cpt. Meduri, Officer Michael Cramer, Officer William Fleece, Police Officers John Does 1-13 (fictitious names) and John Does 16-30 (fictitious names), jointly, severally and/or in the alternative, together with interest, attorneys fees, costs and other relief deemed appropriate and necessary.

**FIFTH COUNT**

26. The plaintiff, Andrea Damiani, believes and hereby asserts that the defendants, action within the course and scope of their authority unlawfully detained, arrested and imprisoned the plaintiff against her will and without probable cause or legal justification.

27. As a direct and proximate result fo the wrongful arrest and false imprisonment of the plaintiff bu the defendants, the plaintiff was caused to suffer the previously described physical and emotional damages, as well as the loss of liberty and destruction of plaintiff's good name and reputation in the community.

WHEREFORE, plaintiff, Andrea Damiani, demands judgment, pursuant to New Jersey State law, for compensatory damages against defendants the Chief of Police Craig Mangano, the Chief of Police Reed Merinuck, Ptlm. Michael S. Franks, Cpt. Meduri, Officer Michael Cramer, Officer William Fleece, Police Officers John Does 1-13 (fictitious names) and John Does 16-30 (fictitious names), jointly, severally and/or in the alternative; and as to only punitive damages defendants Ptlm. Michael S. Franks, Cpt. Meduri, Officer Michael Cramer, Officer William Fleece, Police Officers John Does 1-13 (fictitious names) and John Does 16-30 (fictitious names);  together with interest, attorneys fees, costs and other relief deemed appropriate and necessary.

**JURY DEMAND**

Plaintiff herewith demands a jury trial as to all issues.

/s/ Randy P. Catalano
RANDY P. CATALANO
Co-Counsel for Plaintiff


/s/ F. Michael Daily, Jr.
F. MICHAEL DAILY, JR.
Co-Counsel for Plaintiff

Dated: 8/14/08